## PARTITION OF LAND COVERED BY LIFE ESTATE OF WIDOW WITH REMAINDER TO CHILDREN.

[Circuit Court of Lucas County.]

THE TOLEDO LOAN COMPANY v. CATHERINE LARKIN ET AL.

Decided, October 3, 1903.

*Partition—Rights of Life Tenant—Of Remaindermen—Of One Acquiring Interest of Life Tenant and of One Remainderman—Widow may Dispose of Life Estate—Clause in Will Against Alienation of No Effect.*

1. The owner of a life estate, who joins in a mortgage by one of the remaindermen, and upon suit being brought in foreclosure files no answer and makes no defense, is barred from setting up in a subsequent suit in partition that she had no interest in the loan secured by the mortgage.
2. A widow has the right in Ohio to dispose of her life estate, or a portion of it, by releasing her right to the use of that portion.
3. Where property is devised to the widow for life with the remainder to children, with the proviso that the property shall not be sold during the life of the widow, the clause against alienation is repugnant to the devise to the children, and of no effect.
4. One who acquires from a remainderman his interest in land and who also acquires the interest of the life tenant, has a title in fee with the right to immediate possession and to have his portion set off. But whether he has a right to a sale of the premises—Quaere?

HAYNES, J.; HULL, J., and PARKER, J., concur.

This is an action in partition. William Larkin died possessed of certain real estate in this county, being farm land and about sixty-nine acres in extent. He had made a will and willed that the widow, Catherine, should have the use of the property during her life, and the remainder was to be divided among his seven children. He also made a proviso in this will that the property should not be sold during the life of his widow. One of the sons, desiring to raise money, made a mortgage to the Toledo Loan Company, his mother joining in the mortgage, by which he mortgaged to the loan company a one-seventh interest in said premises. The loan was not paid and the loan company brought suit

to foreclose the mortgage, making, of course, the mortgagor and also Mrs. Larkin, the widow, parties to the suit; and such proceedings were had in the case that a decree was taken for the sale of one undivided one-seventh of the property. The widow in that case did not answer or set up any defense. After the purchase was made by the loan company, it brought a suit in partition to have a part of it set off to it, being one undivided one-seventh of the property, in severalty. Now the defense is made by the heirs and by the widow also, or, rather, they set up the claim that a partition can not be had at the present time. She sets up further that she had no inteest in the loan, received no portion of it and that it was a loan by her son; that she had been told that it was necessary for her to sign the mortgage in order to enable her son to borrow the money. There is some color to that claim in the language that is used in the mortgage itself; but in the suit to foreclose the whole matter is set up, and it is claimed by the plaintiff that it is entitled to an undivided one-seventh, and the widow makes no objection to that. If she had set up in that suit what she sets up in this, the matter could have been litigated there; but she having failed to do anything of the kind, we think that bars her from setting it up in this suit; the case must be disposed of here as upon the fact that the loan company has a right to one-seventh of that property, in fee, and the right to possess it.

The first question made is, that the widow could not transfer or release a portion of her life estate; that therefore her son did not take a full fee, and that the loan company standing in his shoes, simply has his interest in the property, subject to the right of possession in the widow during her lifetime. To this contention we are unable to agree. We understand the law to be—and the matter is recognized, we think, by the courts of this state—that the widow would have the right to dispose of her life estate, and if so, we see no reason why she can not dispose of a portion of it by releasing her right to the use of a portion of the estate and retain her remainder of that portion.

The next question that came up was in regard to the clause in the will, that the property should not be sold during the life of the widow. The testator had willed the use of the property to the widow during her life. We may take it for granted that that

conveyed to her a life estate, and that in the enjoyment of that property she would be entitled to possession of the property. It did not create a trust, but she was entitled to possession; and the remainder, subject to that, was given to these heirs. We are clearly of the opinion that that clause of the will—the clause against alientiom—is repugnant to the devise made to the children of this property, and is therefore void, and that that clause has no force or effect and can not have in any decision we may make in this case.

It is true that the Supreme Court of this state has held, in the case of *Tabler* v. *Wiseman et. al*, 2 O. S., 208, that where there is a vested life estate in property, no one of the remaindermen can have a partition. That proceeds upon the theory that a partition does not create a title, but simply separates the property and gives to each one who is entitled to possession the right to possess a certain part of the property as his own. There is in this case cited a very full and earnest discussion of the question by Judge Ranney, wherein it is shown that the right of possession, as well as the right to the land must exist in order to enable the party to maintain possession. There are two cases in this state that have a bearing on this question. This whole case of *Tabler* v. *Wiseman* has a bearing, and should be read in order to fully understand the views of the court upon that question. But there was a case in 11 Ohio, 389 (*Morgan* v. *Staley*), which was discussed by Judge Ranney in this Tabler case, at page 216. That was a case where a man died and his property descended to his heirs. The plaintiff in that case had one-sixth interest in the estate, subject to the widow's dower, and he was also the owner, by purchase, of the widow's dower. Now he had the widow's dower and had one-sixth of the estate by virtue of his heirship, and the court held that so far as the one-sixth of the land was concerned, he had a title to it in fee simple with a right of possession, and so decreed.

There is a decision found in Vol. 1 Ohio Circuit Court Decisions, 38 (*Elrod* v. *Bass*), rendered by Judge Smith. This was a case in which there had been a will made of the property, under divers and sundry conditions, and a life estate had been bought in by one of the persons who owned the reversion or remainder,

and the question there came up whether that party might maintain an action in partition, and this is the syllabus:

"One of several remaindermen, if he is also the owner of the life estate, may maintain partition, but no division among the other reversioners ought to be made unless by their consent, nor ought there to be a sale subject to the life estate if division is possible; but if the life tenant agrees to a sale free of the life estate, it may be had if not prejudicial to the other parties.

"Remaindermen, or reversioners owning no interest in the life estate, can not maintain partition until the estate expires."

They hold:

"1. That if there be an outstanding life estate on the whole of a particular tract of land, held by a person who is not an owner of any reversionary interest or estate in remainder in said premises, an action for the partition thereof can not be maintained by any owner of any interest in reversion or remainder therein." (And then cite the Tabler case).

"2. But if one of the remaindermen, or a reversioner, is also the owner of the life estate in the whole premises, he may maintain such an action, and if his interest therein can be set off to him without injury to the value of the residue of the estate, it may be done. This may be necessary to enable such owner of the life estate and an interest in remainder, properly to enjoy and improve his share of the estate. But (unless by consent of the owners of the remainder), there ought not to be a partition of the residue among them, for the reason that, if it should be done, they could acquire thereby no present right in the possession of their shares so set off, and the value of such shares, on account of depreciation of the buildings or improvements thereon, or for other reasons, may greatly change before the termination of the outstanding life estate. Nor ought there to be a sale of the premises, subject to said life estate, if it can not be so divided without such consent; for in such case the owner of the life estate manifestly would have a great advantage over the other parties in interest, or persons proposing to be purchasers thereof. If the owner of the life estate agrees to the sale of the premises free of his life estate therein, and consents to take the value thereof in money, to be fixed and ascertained by the court, we are of the opinion that such sale may be had, if it appear to the court that it will not be to the prejudice of the other parties in interest." (Citing Tabler v. Wiseman, 2 O. S., 208, and Morgan v. Staley, 11 Ohio, 389).

That case we think good law, and in the case at bar we think the loan company have a title in fee with the right to immediate

possession of one-seventh of this land, under this decision which we have cited, and to have that portion set off. Whether they had a right to have a sale of the premises, if partition could not be made, is a question which, perhaps, is not necessary to decide here, because the plaintiff only seeks a portion of that life estate and the balance remains in the remaining portion of the land, and, as said by Judge Smith in that case, a partition ought not to be made, because the conditions may be greatly changed by the time of the death of the widow. But for these reasons we hold that a partition be ordered of the premises setting off a one-seventh interest, and that is, as far as our order goes at present.

*King & Tracy,* for plaintiff.

*Frank M. Sala,* for defendants.